UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERICA PELTIER,<br><br>                        Petitioner,<br>     v.<br><br>UNITED STATES ATTORNEY<br>GENERAL,<br><br>                       Respondent. | CASE NO. 2:26-cv-00328-DGE<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS<br>(DKT. NO. 17) |

Before this Court is Petitioner's petition for writ of habeas corpus.  (Dkt. No. 17.)  For the reasons asserted herein, the petition is DENIED.

## I.    BACKGROUND

This matter has had several procedural oddities.[1]  Petitioner first filed a proposed petition for writ of habeas corpus on January 26, 2026.  (Dkt. No. 1.)  It then took nearly a month for Petitioner to pay her required filing fee and for the Court to process it.  The original petition

---

[1] The Court sent a referral to the Federal Public Defender, but the Federal Public Defender was unable to take on this matter.  (Dkt. Nos. 5, 6.)

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 17) - 1

named the "U.S. Attorney General or ICE Field Office Director" as Respondents.  (Dkt. No. 8 at 1.)  The petition was difficult to decipher as portions appeared to be addressed to the "Immigration and Customs Enforcement Agency" not the federal court and much of the cited case law was either overruled or irrelevant.  (*See* Dkt. No. 8.)  To the extent Petitioner identified a basis for habeas relief, she asserted "[t]here is a substantial amount of [] evidence available to support the above facts which indicate there being no likelihood of removal in the foreseeable future, if ever, under the special circumstances" and requested to be released "to seek proper medical care for her diagnosed cancer which is going untreated in detention" as well as to care for her minor child.  (*Id*. at 3–4.)

In addition to issuing its normal scheduling order (Dkt. No. 10), the Court also issued an order to show cause why Petitioner's petition should not be dismissed without prejudice or, in the alternative, granting leave to amend her petition and name the proper respondent.  (Dkt. No. 11).  Petitioner was granted until April 8, 2026 to file an amended petition.  (Dkt. No. 11.)

Petitioner filed an amended petition on March 31, 2026.  (Dkt. No. 17.)  The amended petition names only the Attorney General as Respondent.  (*Id*. at 1.)  Petitioner identifies her "current charges of deportation" are that she is "an arriving alien not in possession of a valid visa or travel document."  (*Id*.)  While also difficult to decipher, Petitioner's amended petition argues her "custody violates [her] due process rights" and seeks "conditional release for humanitarian reasons or supervised release pending all finality with her Asylum court proceedings."  (Dkt. No. 17 at 1–2.)

Petitioner also previously submitted four letters to the Court.  (Dkt. Nos. 3, 4, 9, 12.)  The first largely reiterated the statements in her initial petition (Dkt. No. 3), the second and fourth

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 17) - 2

asserted additional information about her health (Dkt. Nos. 4, 12), and the third discussed the status of the case (Dkt. No. 9).

Respondents filed a timely response.  (Dkt. No. 14.)  Petitioner's reply was due on April 1, 2026.  (Dkt. No. 10.)  Petitioner did not file a reply.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2).  To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States."  *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241). Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'"  *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).

## III.    ANALYSIS

### A.  Jurisdiction

Petitioner's petition is denied because this Court lacks jurisdiction to hear it; Petitioner did not name the proper respondent even in her amended petition.  Petitioner was required to name the Facility Administrator/warden of NWIPC as Respondent.  *See Doe v. Garland*, 109 F.4th 1188, 1190 (9th Cir. 2024) ("[B]ecause [Plaintiff] did not name his immediate custodian, the Facility Administrator (and de facto warden) of [the detention facility] as the respondent . . . we hold the district court erroneously exercised jurisdiction over his petition.");

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 17) - 3

*see also S.K. v. Hermosillo*, No. 2:26-cv-00789-TLF, 2026 WL 716019, *1 (W.D. Wash. Mar. 13, 2026) (requiring Petitioner name "Bruce Scott, the Warden of Tacoma Northwest Detention Center" as a respondent in the matter).

**B. Granting leave to amend would be futile**

The Court could grant leave once more to Petitioner to amend the current petition to add the proper respondent(s) but declines to do so because such amendment would be futile. *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend is properly denied "if amendment would be futile"). Here, even assuming the correct respondent(s) were named, Petitioner fails to allege she is entitled to relief.

The operative petition is in the form of a plug-and-play habeas petition template; it is a template the Court has seen other petitioners use. The template does not identify any facts specific to Petitioner, such as when she entered the United States, how she entered the United States, when Respondents encountered Petitioner, what Petitioner claims her current status is in the United States, or the provision of the Immigration and Nationality Act Petitioner asserts authorizes her release.

The petition also asserts that her current detention "violates [her] due process rights." (Dkt. No. 17 at 2.) The petition, however, does not identify how Petitioner's current detention violates due process. The petition further asks this court to order her "conditional release for humanitarian reasons or supervised release pending all finality with her Asylum court proceedings." (*Id.*) Yet, the petition offers no authority enabling this Court to grant such relief.

The Court acknowledges Petitioner has raised issues related to her health and her current conditions of confinement, but the operative petition makes no mention of those claims. Nor has Petitioner presented any corroborating evidence supporting those allegations.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 17) - 4

Based on the foregoing, the Court declines to grant additional leave to amend the operative petition as amendment would be futile.

### IV.    ORDER

Petitioner's petition for writ of habeas corpus (Dkt. No. 17) is DENIED without prejudice.  Although the Court did not grant leave to amend the petition filed in this case, Petitioner is not precluded from filing a new petition that identifies sufficient facts and the appropriate legal authority in support of relief.  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 7th day of April, 2026.

David G. Estudillo
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 17) - 5